BLD-291                                                   **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1129
_____

ANGEL LUIS SANTOS,
                              Appellant

v.

UNITED STATES OF AMERICA; WARDEN B.A. BLEDSOE; DOCTOR KEVIN
PIGOS; GEISINGER MEDICAL CENTER MEDICAL ADMINISTRATOR; ANGELA
DOE; SUPERVISOR DOE; VENTILATOR TECHNICIAN DOE; S. BROWN;
ELIZABETH SANTOS; FERNANDAN ALAMA; K. ZOOK; J. HEMPHILL; NURSE
GEORGE GREGORY; E. EDINGER; M. PEARSON; S. JACOBSON; LIEUTENANT
SEEBEA; LIEUTENANT MCFADDEN; CORRECTIONS OFFICER JAMES;
CORRECTIONS OFFICER DUNCLE; LIEUTENANT PRETZMEN; J.L.
NORWOOD; SIMON; DE LEON; GEISINGER MEDICAL CENTER; BOULAY;
DEMARIS
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-13-cv-01946)
District Judge: Honorable William J. Nealon
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
June 16, 2016

Before: FUENTES, KRAUSE and SCIRICA, Circuit Judges

(Opinion filed: July 6, 2016)

_____

OPION[*]
_____

PER CURIAM

Pro se appellant Angel Santos appeals from the judgment of the United States District Court for the Middle District of Pennsylvania in his 42 U.S.C. § 1983 action. As the appeal does not present a substantial question, we will summarily affirm the decision of the District Court.

I.

Santos initiated this § 1983 action in 2013 against various officials from the United States Penitentiary at Lewisburg, alleging that they denied him adequate medical care in connection with a condition he describes as anemia. On March 25, 2015, the District Court dismissed some Defendants under Federal Rule of Civil procedure 41(b)[1] – approximately nine months after Santos failed to file a responsive brief to Defendants' Rule 12(b)(6) motions to dismiss. On October 9, 2015, the District Court dismissed the remaining Defendants under Rule 41(b) – one week after the extended deadline passed for Santos to file a responsive brief to Defendants' motion to dismiss and for summary

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.
[1] Rule 41(b) provides that "[if] the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." A District Court also has authority to dismiss an action sua sponte under this rule. Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962).

judgment. Following the District Court's denial of Santos' motion for reconsideration, this timely appeal ensued.

## II.

We review the District Court's dismissal pursuant to Rule 41(b) for abuse of discretion. See Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002). To determine whether the District Court abused its discretion, we consider how the court balanced the six factors set out in Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984), which are: (1) the extent of the party's personal responsibility; (2) the extent of prejudice to the adversary caused by the failure to meet scheduling orders and to respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal including an analysis of those alternative sanctions; and (6) the meritoriousness of the claim or defense. Not all factors need to be satisfied for the District Court to dismiss a complaint, Ware v. Rodale Press, Inc., 322 F.3d 218, 221 (3d Cir. 2003), and while we recognize that the sanction of dismissal is extreme and should be reserved for cases where it is justly deserved, our standard of review is deferential. Id. at 222. We may summarily affirm any decision of the District Court where "it clearly appears that no substantial question is presented or that subsequent precedent or a change in circumstances warrants such action." 3d Cir. I.O.P. 10.6 (2015).

The District Court properly exercised its discretion in dismissing Santos' claims under Rule 41(b). Because Santos is proceeding pro se, he is personally responsible for

3

his failures to comply with the District Court's orders. Emerson, 296 F.3d at 190. As to the March 25, 2015 dismissal, Defendants filed Rule 12(b)(6) motions to dismiss on April 7, 2014. On April 28, 2014, Santos requested a 30 day extension because his "vision and glaucoma [were] acting up" based on a change in his medication. Then in a May 8, 2014 filing, which is dated May 5, 2014, Santos requested a 6 month extension, indicating that he "is due in Philadelphia by May 5, 2014 for a civil trial,[2] but his legal work . . . will not follow [him]." On June 3, 2014, the Court issued an order denying these motions in part, ordering Santos to file a brief no later than June 30, 2014.

On June 4, 2014, Santos requested another enlargement of time, which the Court denied as moot based on its June 3, 2014 order. Santos filed another request for an unspecified enlargement of time on June 13, 2014, and it appears that the District Court never ruled on this motion. In these requests, he contends that, on April 28, 2014, he was transported from USP Terre Haute, his home facility at that time, to the Federal Transfer Center in Oklahoma, and subsequently transferred to the Metropolitan Detention Center in Brooklyn, New York, where he remained until May 7, 2014. He claims that he was not provided an opportunity to bring legal materials with him during this period, and that, as of June 4, 2014, he was at the Federal Transfer Center awaiting his return to USP Terre Haute. But in an "Emergency Motion for Enlargement of Time" filed on June 19, 2014 at 2:09-cv-03437, he indicates that "he arrived back at his institution, Terre haute,

---

[2] Court records indicate that Santos was the plaintiff in a civil jury trial held in the Eastern District of Pennsylvania on May 8, 2014 at 2:09-cv-03437.

4

IN., on Monday 5/9/14." He also claims that he suffers from myasthenia gravis, a neuromuscular disease that leads to muscle weakness and fatigue, and that the five day interruption in his medication resulting from his travel exacerbated this condition.

On July 1, 2014, after Santos failed to file a brief, Defendants filed a motion to dismiss under Rule 41(b). Santos never filed a responsive brief to either the original Rule 12(b)(6) motions or the Rule 41(b) motion. In granting Defendants' Rule 41(b) motion, the Court observed that "approximately nine (9) months have passed since Plaintiff's brief in opposition was due to the [12(b)(6)] motions to dismiss. Furthermore, Plaintiff has also not filed a brief in opposition to Defendants' motion to dismiss for lack of prosecution. As a result, it is concluded that Plaintiff's dilatoriness outweighs any of the other considerations set forth in Poulis." In light of the length of the delay, the prior award of an extension, the apparent willfulness of Santos in failing to respond to the Rule 12(b)(6) motions or the Rule 41(b) motion, and the contradictory nature of his requests for enlargement of time,[3] the District Court did not abuse its discretion in weighing the Poulis factors.

As to the October 9, 2015 dismissal, Defendants filed a motion to dismiss and for summary judgment on November 5, 2014. On November 19, 2014, Santos moved for an extension to respond to Defendants' motion, indicating that "USP Terre Haute . . . began

---

[3] Though Santos continued to request enlargements of time from the District Court, his requests were premised primarily on his inability to access his legal materials due to his alleged presence at the Federal Transfer Center in Oklahoma until at least June 4, 2014 – a premise that is flatly contradicted by his June 19, 2014 filing at 2:09-cv-03437 indicating that he had returned to USP Terre Haute by May 9, 2014.

a lock down 11/13/14 [and] we were notified . . . that 'it will be a long while before we re-open.'" The District Court denied this motion as premature on March 18, 2015, because Santos filed it before Defendants filed a statement of facts and brief in support. On January 8, 2015, Santos moved for a sixty-day extension of time to respond to Defendants' motion, indicating that "this institution is affirmatively halting [his] ability to access his legal property, the Court [and] the law library . . .and sabotag[ing] his ability to purchase postage." The District Court granted this motion on March 18, 2015, and ordered Santos to file his reply brief by April 7, 2015.

Meanwhile, on November 24, 2014, Santos filed a "Motion to Stay Summary Judgment to Conduct Discovery" under Rule 56(f),[4] contending variously that he: (1) submitted discovery requests to Geisinger's medical administrator but they were rejected; (2) requested postage stamps from prison officials in order to "set out all proofs of attempts to gain discovery by all defendants" but was denied postage stamps; and (3) was "on writ to Philadelphia from April 29, 2014 through June 9, 2014." On April 1, 2015, Santos filed a motion to compel discovery, claiming Defendants failed to timey respond to his interrogatories, requests for admissions, and requests for production. On April 8, 2015, he filed another Rule 56(f) motion, contending that he had yet to receive responses

---

[4] Since 2010, the provisions of subsection (f) are found under subsection (d), which provides: "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may (1) defer considering the motion [for summary judgment] or deny it; (2) allow time to obtain affidavits or declaration or to take discovery, or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d).

to unspecified "much needed and pertinent discovery requests," and requesting the Court to deny, or stay resolution of, Defendants' motion. He cited, in particular, his non-receipt of a "video tape of the Plaintiff in I.C.U" from the Geisenger Medical Center, which he contended could prove his claims. Santos filed another similarly styled motion on May 13, 2015 – requesting the hospital video in particular – and a motion for subpoena on June 15, 2015, again requesting the hospital video.

Defendants opposed these requests in an August 10, 2015 filing, arguing that their motion is premised on various affirmative defenses unrelated to the merits of Santos' claims, and the discovery sought by Santos – primarily the videotape – would not "assist him in avoiding dismissal; or summary judgment as to any of these defenses." They also claimed that "[a]ny surveillance or security monitor videos which Geisinger Medical Center may have created and which may still exist are in their possession – [we] have no knowledge of the existence of any such videos."

The District Court denied relief on September 22, 2015, citing St. Surin v. Virgin Islands Daily News, Inc., 21 F.3d 1309, 1314 (3d Cir. 1994), and finding that Santos "did not: (1) identify what particular information he was seeking (2) discuss how, if uncovered, this information would preclude summary judgment; or (3) provide an explanation as to why this information was not previously obtained." The Court also determined that, "in the absence of any specific explanation as to how any discovery requests Plaintiff seeks would preclude summary judgment . . . the Court finds it appropriate to defer discovery until briefing and ruling on the motions to dismiss and for

7

summary judgment is concluded." In a separate order issued that day, the Court granted

Santos another extension of time to file a responsive brief, ordering him to file no later

than October 2, 2015.[5]

On October 9, 2015, after Santos failed to file a brief, the Court awarded judgment

in favor of Defendants, observing that "more than nine (9) months have passed since

Plaintiff's brief in opposition was due to the [] motion to dismiss and for summary

judgment. As a result, it is concluded that Plaintiff's dilatoriness outweighs any of the

other considerations set forth in Poulis." Though the District Court neglected to

acknowledge the extensions it granted Santos, it nonetheless acted within its discretion in

weighing the Poulis factors. Santos willfully failed to file a brief, timely or otherwise,[6]

despite the award of two extensions of time, carried with him a history of refusing to

comply with prior briefing orders, and did not offer a sufficiently specific reason to

warrant deferral of Defendants' motion pending the resolution of his discovery requests.

The Court accurately observed, in denying these requests – which were primarily directed

at the I.C.U. videotape – that Santos failed to demonstrate how this discovery would

---

[5] In separate orders issued the same day, the Court denied Santos' motion to compel discovery under Rule 5(b)(1) because he failed to properly serve it, and his motion for a subpoena because he failed to timely file a brief in support.

[6] Santos filed a motion for reconsideration of the October 9, 2015 order, based on the alleged inoperability of the copy machine in the law library. He attached to this motion a memorandum from his unit manager indicating that "[t]here was a delay in his filing due to mechanical failure for one week with the copy machine." But Santos never filed a responsive brief, and the inoperability of the copy machine would not have prevented him from filing the original with the Court.

preclude judgment in favor of Defendants, which they sought on grounds separate from the merits of his claims.[7]

Accordingly, we will affirm the judgment of the District Court. Appellant's motion for a preliminary injunction and restraining order and motion for an emergency stay of the proceedings are denied.[8]

---

[7] Among other reasons, Defendants sought judgment on the basis of lack of personal jurisdiction, lack of personal involvement, immunity from suit, the statute of limitations, and Santos' failure to exhaust administrative remedies.

[8] In his motion for a preliminary injunction and restraining order, Santos simply cites the factors to be considered and alleges that he is "suffering from continued assault and battery, withholding, stymied and frustrated administrative remedies and a willful failure to treat or prescribe meaningful pain meds." Even if we could properly grant relief on this motion, Santos would not be entitled to it because his motion amounts to mere "conclusory reiterations of the requirements for an injunction couched in the form of declarative statements." Blango v. Thornburgh, 942 F.2d 1487, 1493 (10th Cir. 1991). He requests an emergency stay of the proceedings because he "has been disarmed by the separation of his legal paper work and books." But the unavailability of these items would not interfere with his ability to address the issue before us – his failure to timely comply with the District Court's briefing orders.